UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 16-69-HRW

JODIE WORKMAN,  PLAINTIFF,

v.   MEMORANDUM OPINION AND ORDER

WAL-MART STORES, INC.,  DEFENDANT.

This matter is before the Court upon Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment [Docket No. 19]. The matter has been fully briefed by the parties [Docket Nos. 19-1, 23 and 29]. For the reasons stated herein, the Court finds that Defendant is entitled to judgment as a matter of law.

I.

This case arises from an incident which occurred at the Wal-Mart in Ashland, Kentucky on August 21, 2014. On that day, Plaintiff Jodie Workman went to Wal-Mart with her son to shop for school supplies. [Deposition of Plaintiff, Docket No. 19-2, pg. 53]. In her deposition, she described the incident in detail. When they finished shopping, Plaintiff put her groceries in the trunk of her car and returned her cart next to a cart corral in the parking lot. *Id.* at 56, 61. When she approached the cart corral, there were several carts extending from the it as well carts surrounding it. *Id.* at 58. The carts that extended out of the cart corral were collapsed into one another. *Id.* at 59. There were also carts collapsed into one another next to the cart corral, and some carts were by themselves. *Id.* at 60. Plaintiff positioned her cart next

to the other carts, very carefully, so it would not turn or roll. *Id.* at 58, 60, 62. She saw carts, in her peripheral vision, ahead of where she placed her cart, begin to move. *Id.* She does not know why these carts started to move. *Id.* at *70-71*. She does not believe she touched any other carts when she placed her cart next to the carts outside of the cart corral. *Id.* at 61. She does not know if another customer knocked the carts, starting their motion. *Id.* at 62. She testified that it was easy to see the carts moving toward her, because this was quite obvious. *Id.* at 78. When the carts began to move, however, rather than getting out of the way, Plaintiff began collecting the carts and placing them back within the corral. *Id.* at 62-63. She did this for "probably a good five minutes," but it "seemed like it took forever." *Id.* at 63. Plaintiff admitted that no one - not another shopper or a Wal-Mart employee - told her to collect the carts. *Id.* at 66.

At some point during the five minutes, Plaintiff noticed a cart coming toward her, and she raised her hand to stop it. *Id.* at 32, 64. A cart then hit the top of her right hand. *Id.* at 32, 64. When her right hand was struck by the cart, both of her palms were facing away from the cart and her fingertips were pointed down towards the ground. *Id.* at 64-65.

Plaintiff's son was sitting in the car when the accident happened, but did not witness it. *Id.* at 54. Plaintiff does not know if the cart that hit her was the one she had used while she was shopping. *Id.* at 65. Plaintiff cannot identify which cart struck her. *Id.* at 68. She looked at the cart that struck her and saw nothing wrong with it. *Id.*

As a result of the impact with carts, Ms. Workman suffered a torn tendon in her hand. She had surgery and was off work because of it for a few months. She alleges that the medical bills were over $40,000.00 and she continues to have problems with that hand.

Plaintiff sued Wal-Mart for negligence in Boyd Circuit Court, seeking payment of medical expenses, lost wages, and damages for her pain and suffering and her impaired capacity to earn money.

The case was removed to this Court upon the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332.

Defendant now seeks summary judgement, arguing that Plaintiff has failed to bring forth any evidence that Wal-Mart breached a duty to her or caused the accident.

## II.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56( c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party

may not merely rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) quoting *Anderson*, 477 U.S. at 251-52.

In this diversity action, the Court applies Kentucky law to the substantive legal issues. Further, the parties do not dispute the standard to be applied to the Plaintiff's negligence claims. To prevail, she must prove three elements: (1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992); *M & T Chemicals v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974).

In the context of premises liability, Plaintiff bears the burden of proving that: (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees. *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 435-436 (Ky. 2003). Such proof creates a

4

rebuttable presumption sufficient to avoid a summary judgment or directed verdict, *Id.* at 435, and "shifts the burden of proving the absence of negligence, i.e., the exercise of reasonable care, to the party who invited the injured customer to its business premises." *Id.* at 437.

## III.

In seeking summary judgment, Defendant argues that Plaintiff cannot prove that she encountered a dangerous condition at Wal-Mart on day in question and, therefore, cannot prove the duty, breach or causation elements of negligence. The Court agrees.

Taking all of Plaintiff's allegations and testimony as true, and viewing the facts of this case in a light most favorable to her, she has not proven that she encountered an unreasonably dangerous condition at Wal-Mart on the day in question. The presence of carts in the parking lot, in or outside the cart corral, wind, or an incline in the parking lot, does not make the parking lot unreasonably dangerous. As Defendant points out, Wal-Mart's policies and procedures with respect to cart collection and safety, as well as specific Associate positions designated for cart collection, demonstrate Wal-Mart maintained its parking lot in a reasonably safe manner. Moreover, Wal-Mart does not request its customers to collect stray carts. There is nothing unreasonably dangerous about a parking lot with shopping carts. If that were true, virtually every retail store parking lot would be unreasonably dangerous.

With regard to causation, Plaintiff must prove that Wal-Mart's alleged negligence "was a substantial factor in causing the accident and [her] injuries." *Martin v. Mekanhart Corp.*, 113 S.W.3d, 95, 98 (Ky. 2003). *See also Hicks v. Fontaine Ferry Enters., Inc.*, 247

5

S.W.2d 493, 495 (Ky. 1952). A "mere possibility of such causation is not enough." *Texaco, Inc. v. Standard*, 536 S.W.2d 136, 138 (Ky. 1975). Plaintiff must establish causation beyond "pure speculation and conjecture." *Id.*

Once Plaintiff positioned her cart near the corral, several carts began to move about the parking lot. [Docket No. 19-2, pg. 62]. She testified that she does not know why the carts were rolling or what caused them to move. *Id.* at 70-71. She concedes that Wal-Mart did not start the movement. *Id.* at 73. Instead of simply returning to her car, she spent "a good five minutes" collecting shopping carts and attempting to place them back into the corral. *Id.* at 63. She also concedes that had she simply walked away, she probably would not have been injured. *Id.* at 82. Yet, she took it upon herself to collect the stray carts. *Id.* at 82–83. Wal-Mart did not ask or encourage her to do this. She did this of her own volition. Plaintiff admitted it was easy to see the carts coming toward her. *Id.* She could have and should have moved out of the way. Plaintiff's failure to exercise reasonable care absolves Wal-Mart of liability.

Plaintiff argues that she acted as any reasonable person would have. To do otherwise may have resulted in injury to others. In her deposition she stated, "I would have had to be a sociopath to walk off and leave the situation." *Id.* at 66. Unfortunately, the law provides no refuge for the good samaritan.[1] No good deed goes unpunished.

---

[1] The "rescue doctrine" does not apply to this case. As stated in *Waibel v. Sprecher*, 824 S.W.2d 887, 888 (Ky. App. 1992):

> The rescue doctrine provides generally that one who is injured
> in reasonably undertaking a necessary rescue may recover
> from the person whose negligence created the situation
> necessitating the rescue. Under the rescue doctrine, a

6

## IV.

Plaintiff has proved neither breach or causation. As such, her claim against Wal-Mart fails as a matter of law.

Accordingly, Accordingly, **IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores, East, L.P.'s Motion for Summary Judgment [Docket No. 19] be **SUSTAINED**. A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___1st___ day of June, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

---

negligent actor, whose conduct threatens harm to the person
or property of another may, subject to certain conditions,
incur liability to a party who is injured in an attempt to rescue
the imperiled person or property from the threatened harm, on
the theory that the negligence of the actor is the proximate or
legal cause of the rescuer's injury.

*Id.* at 888.

"[A] person who attempts to rescue one who has been put in peril by the negligence of another may maintain a cause of action for injuries sustained in attempting his rescue. But this right of action rests entirely upon the ground that the peril to which the person was exposed was caused by the negligence of the person sought to be made liable." *Taylor Coal Co. v. Porter's Administrator*, 175 S.W. 1014,1017 (Ky. 1915) (*citations omitted*). Plaintiff cannot prove Wal-Mart acted negligently; therefore, the rescue doctrine is inapplicable.